# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACK EBE, MICHAEL BROWN, and RICK LIMBAUGH, *for themselves and others similarly situated*, | |
| Plaintiffs, | Case No. 21-CV-180-JPS |
| v. | **ORDER** |
| JOHNSON CONTROLS INC., | |
| Defendant. | |

On November 30, 2021, Plaintiffs filed an unopposed motion for preliminary approval of a settlement agreement, which resolves Plaintiffs' Labor-Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA") claims against Defendant. (Docket #18). In accordance with Federal Rule of Civil Procedure 23(e), such settlements require the Court's approval. The Court's task is to determine whether the settlement is "fair, adequate, and reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quotation omitted).

At this stage, all factors weigh in favor of finding a fair settlement. By way of background, these claims arose when Defendant allegedly replaced Plaintiffs' agreed-upon insurance coverage with a health reimbursement account. (Docket #18 at 2). After several mediation sessions with an experienced JAMS mediator, the parties managed to resolve Plaintiffs' claims. (*Id.* at 4–5). In brief, the settlement will ensure continued

health insurance coverage for the affected retired employees under substantially the same terms as before. (*Id.* at 5).

The parties' litigation efforts have been thorough; they included considerable research, actuarial analyses, and extensive informal discovery during mediation. (*Id.* at 7). The settlement was reached after arm's length negotiations and does not appear to be the product of collusion. (*Id.* at 8). Finally, the settlement appears to adequately address the Plaintiffs' *bona fide* concerns balanced against the risk of continued litigation. (*Id.*)

The Court also finds that Rule 23's other requirements have been met. The proposed class consists of

> [a]ll retired employees, spouses, and dependents who were receiving health insurance benefits as of December 31, 2020, under the 1994 agreement between Johnson Controls, Inc. and United Auto Workers Local 754 concerning the shutdown of Johnson Controls, Inc.'s plant in Owosso, Michigan.

This class is "precise, objective, and presently ascertainable." *Blihovde v. St. Croix Cnty.*, 219 F.R.D. 607, 614 (W.D. Wis. 2003). Additionally, it is sufficiently numerous, and the members—129 people who all worked at the same factory and are subject to the same agreement—share a common contractual injury that the named plaintiffs also share with no apparent conflicts of interest. Fed. R. Civ. P. 23(a)(1)–(4). Finally, there is no dispute that Hawks Quindel, S.C. would be appropriate class counsel based on their prior experience and their work on this case. The Court thus finds no barrier to preliminary approval of the parties' settlement.

It appears that the issue of attorneys' fees may warrant additional briefing. Plaintiffs explain that they "agreed to seek not more than $65,000 in attorney fees, while [Defendant] agreed that it would not contest an

award of up to $30,000 in attorney fees." (*Id.* at 9). The parties are invited to submit additional briefing on the subject, including logs of attorneys' time.

For all of these reasons, the Court will grant Plaintiffs' motion and incorporate their proposed items of relief, which will manage the settlement process and ultimately conclude this litigation in a timely manner.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motion for preliminary approval of the proposed settlement (Docket #17) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' settlement agreement (Docket #19-1) be and the same is hereby **preliminarily APPROVED**;

**IT IS FURTHER ORDERED** that Plaintiffs' proposed class be and the same is hereby conditionally **APPROVED** for the purpose of settlement;

**IT IS FURTHER ORDERED** that plaintiffs Jack Ebe, Michael Brown, and Rick Limbaugh be and the same are hereby **APPOINTED** class representatives;

**IT IS FURTHER ORDERED** that Hawks Quindel, S.C. be and the same is hereby **APPOINTED** class counsel pursuant to Federal Rule of Civil Procedure 23(g);

**IT IS FURTHER ORDERED** that Plaintiffs' proposed notice to the class (Docket #19-1 at 7–8) be and the same is hereby **APPROVED;**

**IT IS FURTHER ORDERED** that Plaintiffs shall mail the proposed notice to the members of the class within **14 days of this Order**;

**IT IS FURTHER ORDERED** that any member of the class who wishes to exclude himself or herself from the class or object to the proposed settlement agreement must do so in accordance with the instructions contained in the notice within **30 days of the mailing of the notice**;

**IT IS FURTHER ORDERED** that any member of the class who does not so exclude himself or herself from the class shall be bound by the Court's order granting final approval to the settlement agreement;

**IT IS FURTHER ORDERED** that all pending dates and deadlines in the Court's scheduling order (Docket #15) be and the same are hereby **STAYED** until further order from the Court;

**IT IS FURTHER ORDERED** that a final fairness hearing shall be held on **May 27, 2022 at 8:30 a.m.**; and

**IT IS FURTHER ORDERED** that class counsel shall file a motion for approval of attorneys' fees no later than 30 days before the final fairness hearing, with Defendant receiving seven days to respond.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2022.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge